UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| KAREN ORNBERG, | ) | |
|       Plaintiff | ) ) ) | |
| v. | ) ) | 1:17-cv-00464-NT |
| PINELAND FARMS POTATO COMPANY, et al., | ) ) ) ) | |
|       Defendants | ) | |

**RECOMMENDED DECISION AFTER SCREENING COMPLAINT
PURSUANT TO 28 U.S.C. § 1915(e)**

In this action, Plaintiff Karen Ornberg, a resident of Monticello, Maine, alleges Defendant Pineland Farms Potato Company, in Mars Hill, Maine, and certain of its employees discriminated against Plaintiff when Defendant terminated her employment after she filed a workers' compensation claim.

Plaintiff filed an application to proceed in forma pauperis (ECF No. 2), which application the Court granted. (ECF No. 4.) In accordance with the in forma pauperis statute, a preliminary review of Plaintiff's complaint is appropriate. 28 U.S.C. § 1915(e)(2).

Following a review of Plaintiff's complaint, I recommend the Court dismiss the complaint.

**STANDARD OF REVIEW**

The federal in forma pauperis statute, 28 U.S.C. § 1915, is designed to ensure meaningful access to the federal courts for those persons unable to pay the costs of bringing

1

an action.  When a party is proceeding in forma pauperis, however, "the court shall dismiss the case at any time if the court determines," inter alia, that the action is "frivolous or malicious" or "fails to state a claim on which relief may be granted" or "seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B). "Dismissals [under § 1915] are often made sua sponte prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

When considering whether a complaint states a claim for which relief may be granted, courts must assume the truth of all well-plead facts and give the plaintiff the benefit of all reasonable inferences therefrom.  *Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 12 (1st Cir. 2011).  A complaint fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007).

Although a pro se plaintiff's complaint is subject to "less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), this is "not to say that pro se plaintiffs are not required to plead basic facts sufficient to state a claim," *Ferranti v. Moran*, 618 F.2d 888, 890 (1st Cir. 1980).  To allege a civil action in federal court, it is not enough for a plaintiff merely to allege that a defendant acted unlawfully; a plaintiff must affirmatively allege facts that identify the manner by which the defendant subjected the plaintiff to a harm for which the law affords a remedy. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## FACTUAL BACKGROUND

Plaintiff alleges she worked for Defendant Pineland Farms Potato Company and suffered an injury at work on December 8, 2015. She asserts that on December 12, 2015, she filed a workers' compensation claim. (Complaint at 6, ECF No. 1.) Plaintiff contends that Defendant Pineland Farms Potato Company terminated her employment because she filed the claim. (Complaint at 3, 6.)

## DISCUSSION

"'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'" *Gunn v. Minton,* 568 U.S. 251, 256 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of America,* 511 U.S. 375, 377 (1994)). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen,* 511 U.S. at 377 (citation omitted). "A court is duty-bound to notice, and act upon, defects in its subject matter jurisdiction sua sponte." *Spooner v. EEN, Inc.,* 644 F.3d 62, 67 (1st Cir. 2011). A review of Plaintiff's complaint fails to reveal a basis upon which this Court could exercise either federal question jurisdiction or diversity jurisdiction under 28 U.S.C. §§ 1331 and 1332.

Pursuant to section 1331, federal district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Plaintiff has not asserted a claim based on the United States Constitution, a federal statute, or a federal treaty. Instead, Plaintiff alleges discrimination based on the

fact that she filed a workers' compensation claim. Plaintiff's discrimination allegation does not constitute an actionable federal claim.[1]

Pursuant to section 1332, federal district courts also have original jurisdiction "where the matter in controversy exceeds the sum or value of $75,000 … and is between citizens of different States." 28 U.S.C. § 1332(a)(1). In order for Plaintiff's claim to come within this Court's diversity jurisdiction, Plaintiff and Defendants must have been citizens of different states on the date the complaint was filed. Furthermore, for the exercise of diversity jurisdiction to be valid, there must be "complete diversity of citizenship as between all plaintiffs and all defendants." *Connectu LLC v. Zuckerberg*, 522 F.3d 82, 91 (1st Cir. 2008). Plaintiff has asserted her claim against Defendant Pineland Farms Potato Company and a group of its employees who participated in human resources and employee management. Plaintiff has not suggested in her complaint that any Defendant is a citizen of a state other than Maine.[2] To the contrary, Plaintiff provides Maine addresses for all of the defendants. The current record thus lacks any evidence that would support diversity jurisdiction. Plaintiff's claim, as alleged, is not within the Court's diversity jurisdiction.

---

[1] Plaintiff has not alleged facts to bring her claim under a federal anti-discrimination statute. For example, Plaintiff has not alleged a "disability" to bring her claim under the Americans with Disabilities Act. *See* 42 U.S.C. § 12102. In addition, Plaintiff has not asserted discrimination based on her membership in any class protected by Title VII. *See* 42 U.S.C. § 2000e-2 (prohibiting discrimination on the basis of "race, color, religion, sex, or national origin"). Furthermore, although Plaintiff's allegations could possibly be construed to assert a claim of retaliation based on her exercise of the right to petition the government through the assertion of a workers' compensation claim, the First Amendment does not prohibit such conduct by private-sector employers, *Hudgens v. NLRB*, 424 U.S. 507, 513 (1976), and the civil rights statute authorizes a claim only against state actors. *See* 42 U.S.C. § 1983.

[2] In addition to stating a claim for relief, a pleading must contain "a short and plain statement of the grounds for the court's jurisdiction." Fed. R. Civ. P. 8(a)(1).

## CONCLUSION

Based on the foregoing analysis, pursuant to 28 U.S.C. § 1915(e)(2), I recommend the Court dismiss Plaintiff's complaint.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 30th day of November, 2017.